## WINTUFT CORP. v. FUQUEA.
### No. 13319.

United States Court of Appeals
Fifth Circuit.

Oct. 19, 1951.

B. Z. Tabb, Chattanooga, Tenn., for appellant.

F. Douglas King, Asst. U. S. Atty., J. Ellis Mundy, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

PER CURIAM.

Brought [1] by an honorable discharged veteran of the armed forces of the United States, who had served in World War Two, the suit was for damages for the failure and refusal of the defendant to re-employ him in the same or a similar position to that which he held with it when he entered the service.

The case was fully tried below to the court without a jury, and, upon conclusions of law, fully supported by the facts found, there was a judgment for the plaintiff for the difference between what he had actually earned in the period covered by the suit and what he would have earned had he been re-employed.

The defendant is here making three points against the judgment: (1) that the action was barred by a state statute of limitations; (2) that laches prevented it; and (3) that the findings of fact are clearly erroneous, indeed without support in the record.

We cannot agree. The district judge gave careful consideration to the asserted plea of limitation and to the facts of record. His judgment denying the defenses of limitation and laches was correct. As to the point that the findings of fact are clearly erroneous, while it is true that the defendant did controvert the evidence offered by plaintiff and did, by an attack on the motives and character of one of plaintiff's witnesses, vigorously assail his

1. Under the provisions of Title 50 U.S.C.A.Appendix, § 308(b) (B), (c, e).

credibility, it remains true that there was ample evidence in support of the court's findings. This evidence was oral. It was heard by an able and experienced judge who had full opportunity to observe the demeanor of the witnesses and to weigh and test their credibility.

Under these circumstances, a far stronger showing would have to be made than is made here for us to conclude that the findings were clearly erroneous. We find no reversible error. The judgment is affirmed.